UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WANDA KNIGHT and LIONEL
MCKNIGHT,

    Plaintiffs,

v.                                      Case No: 6:17-cv-893-Orl-18TBS

QIANG SUN,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2). Upon due consideration, I respectfully recommend that the motion be **DENIED** and that Plaintiffs' complaint be **dismissed.**

## I. Background

On May 18, 2017, a *pro se* complaint was filed, purportedly on behalf of Wanda Knight and Lionel McKnight (described as "tenant"), against Qiang Sun (described as "owner") (Doc. 1).[1] The complaint alleges that the Court has federal question jurisdiction (Doc. 1 at 3). Plaintiffs' statement of claim alleges in its entirety that:

> According to the US Constitutional Amendment VII which states: In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law. I have requested a hearing before the State magistrate and was denied. I am asking that my case be handled by the US District Court.

---

[1] The identity of the parties is not clear, as the complaint lists the Plaintiffs and Defendant interchangeably.

(Id., at 4).

Accompanying the complaint is at Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which appears to be signed by Wanda Knight.

Finding both the motion and complaint wanting, on May 19, 2017, I issued an Order advising Plaintiff(s) of the deficiencies and that the Court would take the motion under advisement, pending an opportunity for Plaintiffs to amend their complaint (Doc. 5). The Order allowed twenty-one (21) days to amend, cautioning that "[i]f, after 21 days, Plaintiff(s) have not amended their papers, the Court will submit a report and recommendation to the district judge that this case be dismissed ..." (Id., at 4). The time has expired and no amended pleading or other paper has been filed.

## II. Discussion

Federal courts may allow an individual to proceed in forma pauperis if the person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed in forma pauperis, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that she is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). But, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

Plaintiffs' complaint is insufficient as a matter of law. It lists the Plaintiffs and Defendant interchangeably so that it is not clear who is suing who. To the extent the complaint appears to be brought on behalf of two Plaintiffs (Wanda Knight and Lionel McKnight), it is only signed by one Plaintiff (and the signature is illegible). To the extent Wanda Knight has filed the application to proceed in forma pauperis, I assume the signature on the complaint is hers. A litigant appearing pro se can only represent his or her own interests and cannot appear on behalf of or represent the interests of another unless that litigant is a member of the bar of this Court. To the extent the complaint purports to be filed on behalf of Mr. McKnight and he wishes to prosecute a claim, he has not signed the complaint and has not paid a filing fee or filed an application to proceed in forma pauperis himself (or through an attorney).

Most importantly, there are no substantive allegations to state a cause of action and no showing that the action (whatever it is) is properly within the limited jurisdiction of this federal court. Although Plaintiff(s) ask for a hearing and request that the case be

handled by this Court, they fail to provide a short and plain statement of their claim, alleging facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft. At best, this appears to be a landlord-tenant dispute which was litigated in state court. No federal question is presented here.

A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam). Although the papers filed arguably did not meet this standard, I allowed Plaintiff(s) an opportunity to amend, but Plaintiff(s) have not taken advantage of that opportunity. Now, I see no reason to conclude that a further opportunity to amend is appropriate.

### III. Recommendation

For the foregoing reasons, I respectfully recommend that the motion to proceed in forma pauperis (Doc. 2) be **DENIED,** the complaint be **DISMISSED,** and the Clerk be directed to close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties